IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 07 2021

TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

**CHRISTOPHER STALEY**                                                                                   **PLAINTIFF**

VS.                                         CASE NO. 2:21-cv-119-BSM

**WELLPATH, LLC**
**PATRICK S. DRUMMOND, APN, Individually and in his official capacity**
**JAMIE ANDREWS, Individually and in his official capacity**                **DEFENDANTS**

### COMPLAINT

Comes the Plaintiff, Christopher Staley, by and through his attorney, Sheila F. Campbell, and for his Complaint, states:

### I.  PRELIMINARY STATEMENT

1. Wellpath, LLC is the contractor that was providing medical services to inmates at the Arkansas Department of Corrections at the East Arkansas Regional Unit of the Arkansas Department of Correction.

2. That Plaintiff, Christopher Staley was previously an inmate at the Arkansas Department of Correction, East Regional Unit at all time pertinent to this cause of action.

3. This is a civil rights action brought under 42 U.S.C. § 1983 alleging deliberate indifference to a serious health condition in violation of plaintiff's constitutional rights under the Eighth and Fourteenth Amendment to the United States Constitution and raising pendent state law claims for medical malpractice for failing to properly treat the patellar fracture.

4. That Plaintiff, Christopher Staley, brings a claim for medical negligence against the Defendants for failing to stabilize this fracture; failing to make a timely in referral for consultation with a specialist; failing to timely refer him to physical therapy.

This case assigned to District Judge Miller
and to Magistrate Judge Ervin

1

## II. JURISDICTION & VENUE

5. The Court has jurisdiction over the parties and the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. § 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims are based occurred in the Eastern District of Arkansas, Delta Division.

## III. PARTIES

7. Plaintiff, Christopher Staley, at all times relevant to this Complaint was an inmate in the Arkansas Department of Correction (ADC) and was housed at the East Arkansas Regional Unit on September 6, 2019.

8. Defendant, Wellpath, LLC which has its principal place of business in Nashville, TN, was at all times relevant to this Complaint, was the holder of a contract to provide medical services to inmates in the Arkansas Department of Correction. The agent for service for Wellpath, LLC is Corporate Creations Network, 609 Southwest 8th Street, #600, Bentonville, AR 72712.

9. Defendant, Patrick S. Drummond, APN, individually and in his official capacity, was an employee, servant, agent and/or representative of the Defendant, Correct Care Solutions, LLC at the East Arkansas Regional Unit at all times pertinent to this cause of action.

10. Defendant, Jamie Andrews, individually and in his official capacity, was the Warden of the East Arkansas Regional Unit of the Arkansas Department of Correction at all times pertinent to this cause of action.

## IV. FACTUAL ALLEGATIONS

11. That Plaintiff allegations in paragraphs numbered (1) through 10 are incorporated

herein as though set forth word for word herein.

12. On September 6, 2019, the Plaintiff slipped and fell on a wet spot on the floor at the Arkansas Department of Corrections, East Arkansas Regional Unit and injured his left knee and left medial thigh that constantly hurts.

13. On September 9, 2019, the Plaintiff was seen by Defendant Patrick S. Drummond, APN, who diagnosed him with a left knee pain, left knee sprain and hypertension.

14. On September 9, 2019, the Plaintiff was diagnosed with an acute patellar fracture by x-ray.

15. On September 11, 2019, the Plaintiff was seen by Terri N Moody, NP for knee fracture and scheduled for a UAMS Ortho Consult on 10/31/19.

16. On September 11, 2019, the Plaintiff was given restrictions of no stairs, crutches, ace wrap and orthopedic consultation.

17. On September 17, 2019, the Plaintiff was diagnosed with patella fracture and inmate was ordered a mental health consult because he felt like a mental break down.

18. On September 17, 2019, the Plaintiff was placed in the infirmary ward because the Defendant Warden Andrews refused to honor his no stair script and he was kept in the infirmary until September 26, 2019 when a ground level cell was available.

19. On September 18, 2019, the Plaintiff was seen for his left patella fracture and he was housed on the ward because ADC had no beds for no stairs.

20. On October 31, 2019, Plaintiff was seen at U.A.M.S. with a finding of displaced transverse fracture of the patella with approximately 1 cm separation between the fragments.

21. On November 8, 2019, an orthopedic consult was ordered for the Plaintiff and Plaintiff was still in need of a Physical Therapy Consultation for three (3) times a week for 4 weeks.

22. On November 20, 2019, the Plaintiff was seen at the Ouachita River Correctional

Unit where he was still experiencing swollen left leg.

23. On January 31, 2020, when the Plaintiff was examined at the Ouachita River Correctional Unit, he had left knee pain with mild edema and gait abnormality.

24. On February 13, 2020, the Plaintiff was again examined at the Ouachita River Correctional Unit, and he had swelling of his lower extremity.

25. On March 25, 2020, he was still having swelling in left lower extremity and nonpitting edema in his left knee was still larger than his right knee and he was using a rollator, wearing an ACE wrap on the left knee.

26. On September 30, 2020, the Plaintiff had left knee MRI that showed subacute or chronic horizontally oriented central patellar fracture with apex anterior angulation and cortical displacement deformity; a shallow undersurface tear posterior horn medical meniscus.

## V. CAUSE OF ACTION

### COUNT I.

27. That the allegations in paragraph numbered 1 through 26 are incorporated herein as though set forth word for word herein.

28. That Defendants, Wellpath, LLC and Patrick S. Drummond, APN, individually and in his official capacity, was deliberately indifferent to the Plaintiff's serious health condition of an acute patellar fracture by failing to stabilize the patellar fracture.

29. That Defendants, Wellpath, LLC and Patrick S. Drummond, APN, individually and in his official capacity was deliberately indifferent to the Plaintiff by failing to comply with the no stair script and failing to admit him to the infirmary immediately to keep his knee stabilized.

30. That Defendants, Wellpath, LLC and Patrick S. Drummond, APN, individually and in his official capacity was deliberately indifferent to the Plaintiff's serious health condition by the delay in referring him for an orthopedic consultation.

31. That Defendant, Wellpath, LLC and Patrick S. Drummond, APN,

individually and in his official capacity was deliberately indifferent to the pain and suffering of the Plaintiff by delaying in referring him for an orthopedic consultation.

32. That Defendant Jamie Andrews, individually and in his official capacity, was deliberately indifferent to the Plaintiff's serious health condition of an acute patellar fracture by refusing to honor the Plaintiff's no stair strip and ignore the pain that the Plaintiff suffered from being made to use stairs with a fractured patella.

33. That the Defendants' violations of Plaintiff's Eighth and/Fourteenth Amendments to the United States Constitution were directly and proximately cause by the actions and/or inactions of the Defendants as set forth in the preceding paragraphs and resulted in substantial harm to the Plaintiff in causing to have future medical treatment; permanent impairment; unnecessary suffering and pain.

## COUNT II.

34. That the allegations in paragraph numbered 1 through 33 are incorporated herein as though set forth word for word herein.

35. The Defendants, Wellpath, LLC, and Patrick S. Drummond, individually and in their official capacity were negligent, careless, and grossly negligent and deviated from the applicable medical standard of care in a number of specific ways, including but not limited to failing to properly treat a fracture patella; failing to stabilize the Plaintiff's patella fracture; failing to mitigate the pain and suffering of the Plaintiff; failing to timely refer the Plaintiff for an orthopedic consultation; failing to timely refer the Plaintiff for physical therapy.

36. That the Defendant, Wellpath, LLC, was vicariously liable for the negligence of its employees, servants, agents and representatives in the treatment of the Plaintiff for his patella fracture in failing to properly treat the patella fracture; failing to stabilize the Plaintiff's patella fracture; failing to mitigate the pain and suffering of the Plaintiff; failing to timely refer the Plaintiff for an orthopedic consultation; failing to timely refer the Plaintiff for physical therapy.

## VI. DAMAGES

37. That the Plaintiff, Christopher Staley, is entitled to recover the following damages, all of which were proximately caused by the deliberate indifference as well as the negligence and willful and wanton conduct of the Defendants as follows:

    (a) Nature and extent of injuries;

    (b) Mental anguish and anxiety;

    (c) Past pain and suffering and future pain and suffering;

    (d) Permanent injuries to his knee and back;

    (e) Past medical expenses and future medical expenses: and

    (f) That as a result of the willful and wanton conduct and disregard of the rights of the Plaintiff on the part of the Defendants, the Plaintiff should be awarded punitive damages;

**WHEREFORE,** Plaintiff, Christopher Staley, respectfully prays that he be awarded compensatory damages as to all Defendants, individually and in their official capacities in the amount that exceeds the jurisdictional amount for cases under Federal diversity; punitive damages as we all Defendants, individually and in their official capacities; for his costs, attorney's fees; for trial by jury and all other relief to which he may be entitled.

Respectfully submitted,

*Sheila F. Campbell*
Sheila F. Campbell
Ark. Bar # 83-239
Attorney for Plaintiff
P.O. Box 939
North Little Rock, AR 72114
(501) 374-0700 (telephone)
(501) 372-5375(fax)
campbl@sbcglobal.net

6